FILED
U.S. District Court
District of Kansas
12/13/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ESNIDE BELOSO CRUZ,<br><br>Petitioner,<br><br>v.<br><br>MISTY MACKEY, Warden, Midwest Regional Reception Center;<br>MARKWAYNE MULLIN, DHS Secretary;<br>CHRISTOPHER CHAMBERLAIN, Assistant Field Office Director, ICE; and<br>Department of Homeland Security,<br><br>Respondents. | ) | Case No. 26-3415-JWL |

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing. For the reasons set forth below, the petition is **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **November 25, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief, and the petition is otherwise denied.

Petitioner, a native of Cuba, was paroled into the United States in March 2024, valid until March 26, 2026. Removal proceedings were initiated at that time, but that case was dismissed by the immigration court in July 2025. On October 15, 2026, petitioner was

detained for a traffic infraction, and immigration officials (ICE) took custody of petitioner the following day; petitioner was served with a notice of the termination of his parole, and removal proceedings were again initiated. Petitioner is presently in custody in this judicial district. On October 29, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Respondents have not argued that this Court lacks jurisdiction to consider petitioner's claim.

Petitioner seeks his release, claiming that the termination of his parole on October 16, 2026, violated applicable regulations and due process, and that the termination should therefore be deemed ineffective. Specifically, petitioner claims that he was improperly detained prior to service of the termination notice and that the notice improperly failed to evidence an individualized justification for the termination. The Court denies these claims because, in accordance with the regulations, petitioner's parole was automatically terminated on the date of its expiration, March 26, 2026.

The applicable regulation, 8 C.F.R. § 212.5(e), first provides that "[p]arole shall be automatically terminated without written notice . . . at the expiration of the time for which parole was authorized." *See id.* § 212.5(e)(1). Under this regulation, petitioner's parole

was automatically terminated in March 2026, without any requirement of notice. Petitioner nevertheless argues that his termination is governed by paragraph (2) of the regulation, which states in relevant part as follows:

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. . . . Any further inspection or hearing shall be conducted under section 235 or 240 of the Act and this chapter, or any order of exclusion, deportation, or removal previously entered shall be executed.

*See id.* § 212.5(e)(2)(i). Petitioner argues that when officials served a notice of termination in October 2026, they elected to terminate his parole under paragraph (2)'s notice-termination provision; and petitioner further argues that his notice was not sufficient to comply with that provision.

The Court rejects this argument. Pursuant to the regulation, petitioner's parole terminated automatically at its expiration in March 2026, without any requirement of additional notice to petitioner (who previously had notice of the limited duration of the parole). Paragraph (2)'s termination provision, on which petitioner relies, explicitly applies only in cases not covered by paragraph (1)'s automatic termination provision; thus, because paragraph (1) applies here, the notice-termination provision of paragraph (2) does not. When officials served a notice of termination in October 2026 – either through oversight or from a desire to cover their bases – there was no longer any parole to terminate, and the notice therefore had no practical effect. Petitioner has not cited any case in which

an automatic termination was deemed ineffectual, with the limited-duration parole effectively revived, because of a subsequently-served termination notice.[1] Because petitioner's parole was automatically terminated upon expiration, in conformity with the applicable regulation, the Court denies petitioner's claims based on an alleged failure to provide sufficient written notice.

Petitioner also claims a violation of due process with respect to the termination of his parole. He has not shown that the automatic-termination regulation violates due process, however, and the Court has previously rejected such an argument in this context. *See Valladares Javier v. Mackey*, 2026 WL 2450632, at *2 (D. Kan. Aug. 21, 2026) (Lungstrum, J.) (Supreme Court has held that an alien originally detained at entry has no due process rights beyond the rights afforded by Congress, even if the alien been paroled in the United States for years pending removal) (citing *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020)).[2] Nor has petitioner shown that petitioner's detention is not justified by a legitimate purpose to effect his removal.

In his traverse, petitioner appears to make the new argument that his automatic termination without notice violated 8 U.S.C. § 1182(d)(5)(A), under which petitioner was

---

[1] Petitioner cites a 1943 statement by the Supreme Court that an administrative order should be judged by the grounds on which the action was based. *See S.E.C v. Chenery Corp.*, 318 U.S. 80, 87 (1943). In this case, however, no agency action was required to terminate petitioner's limited-duration parole.

[2] This Court has previous rejected the argument, which petitioner appears to make here, that the Government, by granting parole, implicitly promised not to revoke that parole absent a violation of its terms. *See Singh v. Mackey*, 2026 WL 2823307, at *2 (D. Kan. Sept. 21, 2026). In petitioner's case, the Government was explicit in granting parole only for a limited duration, until March 2026.

paroled into the United States. That statute provides that the DHS Secretary may in his discretion parole an alien into the United States temporarily, under conditions, for humanitarian reasons, although such parole does not constitute admission; and it further provides that the alien shall be returned to previous custody when the purpose of the parole has been served in the opinion of the Secretary. *See id.* Petitioner argues that an individualized judgment regarding the alien and his parole must therefore be made for any termination, not merely those requiring notice under the regulation. Petitioner has cited no authority, however, holding that the regulation allowing for automatic termination without notice (and thus without a new judgment regarding parole) violates Section 1182(d)(5)(A). Indeed, the requisite judgment regarding termination was made in this case when petitioner was granted parole only for a limited duration. The Court therefore denies any such claim.

Finally, petitioner argues in the alternative that if he is not entitled to release pursuant to the claims discussed above, he should at least be deemed detained subject to 8 U.S.C. § 1226(a). Petitioner was not recently detained as an alien newly arriving in the United States; rather, he had been present in the United States for a period of years when he was detained. Petitioner argues that, for that reason, his detention does not fall within the scope of 8 U.S.C. § 1225(b)(2)(A), which mandates detention pending removal proceedings, and under which the Government purports to detain petitioner; but instead is governed by Section 1226(a), which provides for discretionary release on bond. Petitioner thus claims that his detention without any consideration of his release on bond violates these statutes.

In cases involving the same issue, this Court has rejected the Government's interpretation of these statutes in favor of the interpretation adopted by the overwhelming majority of courts that have addressed the issue, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Court has also held that that reasoning applies in the case of an alien, such as petitioner here, who was paroled into the United States. *See Khudyi v. Carter*, 2026 WL 1098197, at *2 (D. Kan. Apr. 23, 2026) (Lungstrum, J.). The Tenth Circuit has now rejected the Government's interpretation as well. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents concede that the relevant facts of the present case are not materially distinguishable from those in *Khudyi*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinions in *Galdamez Orellana* and *Khudyi*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).

With respect to the relief for this violation, the Court denies petitioner's request for a bond hearing under particular terms. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 180 F.4th at 1251 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is

to require simply that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **November 25, 2026**.[3]

Finally, the Court notes that petitioner has requested an award of attorney fees. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **November 25, 2026**, and they are further ordered to provide notice to this Court when such relief has been given. The Court denies any request for other relief, and the petition is otherwise denied.

---

[3] Respondents have not argued or provided evidence that a hearing could not be conducted within that timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

IT IS SO ORDERED.

Dated this 13th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge